1  JANET R. RANDLE
   California Bar Card No. 148767

2  LAW OFFICES OF VAN SHAW

3  2723 Fairmount Street
   Dallas, Texas 75201

4  (214) 754-7110

5  FAX NO. (214) 754-7115

6  ATTORNEY FOR DEFENDANT

7

8  PLAZA HOME MORTGAGE, INC.        )

9                Petitioner          )

10                                   )

11  v.                               )

12                                   )

13  SOUTHWEST FUNDING, L.P.          )

14                Respondent         )

15

FILED

07 DEC -3  PM 12: 39

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                        DEPUTY

'07 CV   2268 JLS  (POR)

CIVIL ACTION NO. _____

**DEFENDANT'S NOTICE OF REMOVAL[1]**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

18    Defendant SOUTHWEST FUNDING, L.P. files this notice of removal under 28

19  U.S.C. §1446(a) and reserves its right to seek a change of venue to the U.S. District Court

20  for the Northern District of Texas, which is a more convenient forum for this case.

21

22

23

24

25

26

27

28

---

[1] Defendant reserves its right to move to transfer this matter to the U.S. District Court for the Northern District of Texas.

**NOTICE OF FILING DEFENDANT'S NOTICE OF REMOVAL**
Page 1 of 7

CR

# I.

## INCORPORATION OF DEFENDANT'S APPENDIX OF EVIDENCE IN SUPPORT OF REMOVAL

Defendant incorporates herein, as if fully set forth, **Exhibit A** - *Plaintiff's Appendix of Evidence In Support of Removal and Change of Venue to The U.S.D.C. for the Northern District of Texas* containing the Affidavit of Mark Buskuhl and accompanying documents. **Appx. 1 – 20.**

# II.
## INTRODUCTION

Plaintiff PLAZA HOME MORTGAGE, INC, "(PLAZA") is a California Corporation. **Appx. 7.**

Defendant SOUTHWEST FUNDING, L.P. is a Texas Limited partnership.

On October 30, 2007 plaintiff filed a *Petition to Compel Arbitration* in the Superior Court of California – San Diego County – Case No: 37-2007-00078494-CU-PT-CTL. **Appx. 4-15.**

Defendant received notice of the suit on November 2, 2007 but did not receive a summons. **Appx. 2 ¶5** noting receipt of **Appx 4-18.** Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b), and has filed in

1   this court solely because it is the federal district and division where the state court action

2   was pending.[2]  See 28 U.S.C. § 1446(a).

### III.

### BASIS FOR REMOVAL

Removal is proper because there is complete diversity between the parties.  28 U.S.C. §1332(a); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000).  Plaintiff is a citizen of California.  **Appx. 10.**   Defendant is a citizen of Texas. **Appx. 1 ¶ 3.**

The amount in controversy exceeds $75,000, excluding interest, costs, and attorney fees.  28 U.S.C. §1332(a).  Although plaintiff's petition does not specify a particular amount of damages, Mr. Mark Buskuhl has testified that plaintiff has demanded that defendant repurchase a loan in the amount of $495,000.  See **Appx. 2 ¶ 6** and correspondence from plaintiff's counsel to defendant stating:  " . . . *Plaza is requiring that broker [defendant] cure the Loans immediately by either repurchasing the Loan from Plaza in the amount of $495,000, by arranging that the Loan is paid off by either selling the home on the open market or by refinancing the Loan through another lender."* **Appx. 19.**

---

[2] As noted above, by filing this Notice of Removal in this district Court, Defendant does not intend to waive its right to seek a transfer of venue to the U.S. District Court for the Northern District of Texas which Defendant contends is a more proper forum for this matter.

**NOTICE OF FILING DEFENDANT'S NOTICE OF REMOVAL**
Page 3 of 7

1

2          Moreover, the Court should not that, although it was certainly within its power to

3     do so, Plaintiff failed to file a binding stipulation or affidavit with its Petition stating it

4     seeks less than $75,000 in its suit.    Defendant contends given Plaintiff's demand for

5     $495,000 it is unable to so stipulate.

6

7          No other defendants are named in this suit; therefore no consent from any other

8     defendant is required.

9

10         All pleadings, process, orders, and other filings in the state court action are

11    attached to this notice as required by 28 U.S.C. §1446(a), at **Exhibit B**.

12

13         Venue is proper in this district under 28 U.S.C. §1441(a) because the state court

14    where the action has been pending is located in this district.  However, Defendant will

15    seek to transfer this matter to the U.S. District Court for the Northern District of Texas

16    which is a more convenient forum that has jurisdiction over this matter.  *See Dupuy-*

17

18    *Busching Gen. Agency, Inc. v. Ambassador Ins. Co.*, 524 F2d 1275, 1276-78 (5th Cir.

19    1975) (Fifth Circuit holding that its district courts can hear a motion to compel and order

20    the parties to arbitration in the forum specified in the agreement, even if the forum is

21    outside the Circuit.)  See Also, the Ninth Circuit's holding in *Textile Unlimited, Inc. v.*

22    *A..BMH & Co.*, 240 F.3d 781, 783 (9th Cir. 2001) (holding that its district courts can hear

23    a motion to compel and order the parties to arbitration in the Ninth Circuit, even if the

24    forum specified in the agreement is different).

25

26

27

28

1    Defendant will promptly file a copy of this notice of removal with the clerk of the

2    state court where the action has been pending.

3

4                                    **IV.**

5                              **JURY DEMAND**

6    Plaintiff did not demand a jury in the state court action.

7                                    **V.**

8                              **CONCLUSION**

9    The defendants are diverse, citizens of California and Texas.  In addition, the

10

11   evidence establishes that the amount at issue exceeds the $75,000 jurisdiction of this

12   court.  Accordingly, defendant filed this removal in this court, and asks the court to

13   remove the action to the U.S. District Court for the Southern District of California, where

14

15   Defendant will thereafter move to transfer the action to the U.S. District Court for the

16   Northern District of Texas.

17

18                          **PRAYER FOR RELIEF**

19   Because the minimum jurisdictional threshold is met and complete diversity of

20

21   citizenship exists among all parties, Defendant respectfully requests that this Court

22   assume jurisdiction over this action[3], and proceed with its handling as if it has been filed

23   initially in the United States District Court for the Southern District of California.

24

25

26

27   _____

28   [3] Defendant does not waive its right to file a motion to transfer venue to the U.S. D. C. for
     the Northern District of Texas.

1

Respectfully submitted,

2

3

4          JANET R. RANDLE
           California Bar Card No. 148767
5          LAW OFFICES OF VAN SHAW
           2723 Fairmount Street
6          Dallas, Texas 75201
           (214) 754-7110
7          FAX NO. (214) 754-7115
8

9

10         ATTORNEY FOR DEFENDANT
           SOUTHWEST FUNDING, LP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record noted below on this 3rd day of December 2007 placing the same in U.S. Mail Certified Return Receipt Requested as allowed by the Federal Rules of Civil Procedure, Rule 5, and US District Court for the Southern District of California Local Rule 4.1d.

Lynde Selden, II, CSB # 72591
Selden Law Firm
544 Silvergate Avenue
San Diego, CA  92106-3300
Tel:  (619) 223-9103
*Via US CRRR Mail – Article No:  7004-0750-0001-3077-3150*

Scott DeNike, General Counsel
Plaza Home Mortgage, Inc.
5090 Shoreham Place, Suite 206
San Diego, CA  92122
Tel:  (858) 677—6741
*Via US CRRR Mail – Article No:  7004-0750-0001-3077-3167*

JANET R. RANDLE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO

| | | |
|---|---|---|
| PLAZA HOME MORTGAGE, INC. | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | FILED CONCURRENTLY WITH |
| v. | ) | NOTICE OF REMOVAL |
| | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. _____ |
| SOUTHWEST FUNDING, L.P. | ) | |
| | ) | |
| Respondent | ) | |

**AFFIDAVIT OF MARK BUSKUHL IN SUPPORT OF
SOUTHWEST FUNDING'S NOTICE OF REMOVAL**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared MARK BUSKUHL who, being by me duly sworn, deposed and stated the following:

1. "My name is MARK BUSKUHL. I am over 21 years of age, of sound mind, have never been convicted of a felony or other crime involving moral turpitude, and am fully competent and able to testify to all matters attested to herein. I have personal knowledge of the facts stated herein and they are all true and correct.

2. I am Vice President of Defendant SOUTHWEST FUNDING, L.P. "SOUTHWEST." I have held that position for 6 years. As Vice President, I am familiar with the files and loan application processes used by SOUTHWEST

3. SOUTHWEST is a limited partnership, organized under the law of the State of Texas, whose headquarters is located in Dallas, Texas.

4.    PLAZA is a California corporation. See **Appx. 10.**

5.    SOUTHWEST received **Appx 4 – 18** on November 2, 2007. Prior to that time, SOUTHWEST had received correspondence from Plaintiff PLAZA HOME MORTGAGE, "PLAZA." **Appx. 19 - 20.** I reviewed the file and communicated with PLAZA representatives employees and have, among other things, determined the following:

6.    The PLAZA loan involved in this matter is loan number 197036566 ("the "Loan") which was funded for the property located at 1505 Kingswood Lane, Colleyville, Texas (the "Property."). **Appx. 19 - 20.** PLAZA is demanding SOUTHWEST repurchase a $495,000 loan. **Appx. 19.**

7.    All employees of SOUTHWEST who may have been involved in the processing of the loan application at issue are all residents of the State of Texas;

8.    SOUTHWEST'S dealings with PLAZA during the loan application all occurred in Texas and involved PLAZA'S office located in Dallas, Texas.

9.    The Loan was submitted, underwritten, closed and funded from the PLAZA'S office located in Dallas, Texas.

10.    SOUTHWEST is not a resident of California or San Diego County where the PLAZA filed its lawsuit, and has no particular connection to California or the Southern District of California;

11.    All SOUTHWEST actions involving this Loan occurred in the State of Texas and SOUTHWEST'S dealings with PLAZA were through their employees who worked at PLAZA'S Dallas Texas office;

12.    California is an inconvenient forum for SOUTHWEST as it will require SOUTHWEST to have key employees travel to California, and will require key witnesses, not controlled by SOUTHWEST, to travel to California.

13.    In addition, the borrower is not under the control of Defendant, and may not be willing to travel to California to testify.

14.    Lastly, the PLAZA employees involved with SOUTHWEST'S loan application are key witnesses in this matter, work and are believed to still reside in Texas.

I am able to swear, as I hereby do swear, that all of said facts and statements are true and correct.

_____
MARK BUSKUHL

SWORN TO AND SUBSCRIBED before me by the said MARK BUSKUHL, on this the 29th day of November 2007.

_____
Notary Public, State of Texas

KIMBERLY WASHINGTON BLEDSOE
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
08-18-2011

*Appx 3*

**Appx. 4**

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>─ LYNDE SELDEN II, CBN 72591<br>SELDEN LAW FIRM<br>544 Silvergate Avenue<br>San Diego, CA 92106<br>TELEPHONE NO.: 619 269 4025    FAX NO.: 619 223 9103<br>ATTORNEY FOR *(Name):* | FOR COURT USE ONLY<br>FILED<br>CIVIL BUSINESS OFFICE 18<br>CENTRAL DIVISION<br>2007 OCT 30 P 2: 55<br>CLERK SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

11/2/07
11:26AM
CLB

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  **SAN DIEGO**
  STREET ADDRESS: 330 West Broadway
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Diego, CA 92101
  BRANCH NAME: Hall of Justice

CASE NAME:
PLAZA HOME MORTGAGE, INC. v. SOUTHWEST FUNDING, LP

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>37-2007-00078494-CU-PT-CTL |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | *(Cal. Rules of Court, rules 3.400–3.403)* |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☑ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*  PETITION TO COMPEL ARBITRATION
5. This case ☐ is  ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: OCTOBER 29, 2007
LYNDE SELDEN II
_____                                      _____
        (TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

American LegalNet, Inc.<br>www.FormsWorkflow.com

**Appx. 4**



**Appx. 5**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
     Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
     Physicians & Surgeons
    Other Professional Health Care
     Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
     and fall)
    Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
    Intentional Infliction of
     Emotional Distress
    Negligent Infliction of
     Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
     *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
     Contract *(not unlawful detainer
     or wrongful eviction)*
    Contract/Warranty Breach–Seller
     Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
     Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
     Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
     domain, landlord/tenant, or
     foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
     Case Matter
    Writ–Other Limited Court Case
     Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
     County)
    Confession of Judgment *(non-
     domestic relations)*
    Sister State Judgment
    Administrative Agency Award
     *(not unpaid taxes)*
    Petition/Certification of Entry of
     Judgment on Unpaid Taxes
    Other Enforcement of Judgment
     Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
     harassment)*
    Mechanics Lien
    Other Commercial Complaint
     Case *(non-tort/non-complex)*
    Other Civil Complaint
     *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
     Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
     Claim
    Other Civil Petition

**Appx. 5**



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:   220 West Broadway
MAILING ADDRESS:   220 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:   Central
TELEPHONE NUMBER:   (619) 531-3800

PLAINTIFF(S) / PETITIONER(S):   Plaza Home Mortgage, Inc.

DEFENDANT(S) / RESPONDENT(S):   Southwest Funding, LP.

PLAZA HOME MORTGAGE, INC. VS. SOUTHWEST FUNDING, LP.

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2007-00078494-CU-PT-CTL |
|---|---|

Judge:                                                              Department: C-25

**COMPLAINT/PETITION FILED: 10/30/2007**

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH <u>SUPERIOR COURT RULES</u> WHICH HAVE BEEN PUBLISHED AS <u>DIVISION II,</u> AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

FILED
CIVIL BUSINESS OFFICE 18
CENTRAL DIVISION

2007 OCT 30 P 2: 55

CLERK- SUPERIOR COURT
SAN DIEGO COUNTY, CA

1  Lynde Selden II, CSB #72591
   Selden Law Firm
2  544 Silvergate Avenue
   San Diego, CA 92106-3330
3  Telephone: 619 269 4025
   Fax: 619 223 9103
4
   Scott DeNike,
5  General Counsel
   Plaza Home Mortgage Inc.
6  5090 Shoreham Place, Ste. 206
   San Diego, CA 92122
7  Telephone: 858 346 1208 X134
   Fax: 858 677 6741
8
   Attorneys for PLAINTIFF
9

10              SUPERIOR COURT OF CALIFORNIA

11                 COUNTY OF SAN DIEGO

12

13  PLAZA HOME MORTGAGE, INC.        Case No.:    37-2007-00078494-CU-PT-CTL

14         Petitioner                PETITION TO COMPEL ARBITRATION
                                     [UNLIMITED CIVIL CASE, DEMAND
15                                   EXCEEDS $25,000.00]

16         vs.
                                     Assigned to:
17                                   Date of Hearing:
                                     Time of Hearing:
18  SOUTHWEST FUNDING, LP.

19         Respondent

20

21

22

23  Petitioner, PLAZA HOME MORTGAGE, INC., alleges as follows:

24  **ARBITRATION AGREEMENT**

25     1. On or about April 7, 2005, Petitioner and Respondent executed a "broker

agreement" in which the parties elected to arbitrate any disputes between them.  A true and correct copy of the "broker agreement" is attached to this Petition as an exhibit.  At section 15 of the agreement, it is stated:

> All claims, disputes and other matters as to which the parties disagree arising out this Agreement or the interpretation or breach thereof shall be decided by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association in an arbitration proceeding held in San Diego, California.  The award rendered by the arbitrator shall be final and judgment may be entered in accordance with applicable law and at any court having jurisdiction thereof.  The arbitrator shall award the prevailing party that party's reasonable attorney's fees and other expenses in accordance with Paragraph 14.

According to the agreement, the venue for the arbitration is in San Diego, California.

### DISPUTE BETWEEN THE PARTIES

In or about March 27, 2007, a dispute arose between Petitioner and Respondent.  Respondent breached the broker agreement by submitting to Petitioner certain information in a loan application that was inaccurate and contained misrepresentations causing damages to Petitioner.   Respondent denies it has any liability to Petitioner and refuses to submit the matter to arbitration.

### PRAYER

Petitioner prays:

1.  That the Court order the Respondent to arbitrate the controversy alleged herein, and that the arbitrator be selected from the JAMS panel;

2.  The Petitioner is awarded the costs and fees incurred in the bringing of this petition;

///

///

///

3.  For such other relief as the Court may deem proper.

Dated this October 29, 2007

_____
LYNDE SELDEN II
for Plaza Home Mortgage, Inc.



**Appx. 10**



PLAZA HOME MORTGAGE

## BROKER AGREEMENT

This Broker Agreement ("Agreement") is made and entered into by and between Plaza Home Mortgage, Inc., a California corporation ("Plaza"), and the person or entity set forth on the signature page hereto ("Broker") with reference to the following:

### RECITALS

A.    Plaza and Broker wish to establish a non-exclusive relationship whereby Broker will, from time to time and at its option, submit completed application packages for mortgage loans to Plaza on behalf of Broker's clients for possible funding by Plaza.

B.    Plaza and Broker now desire to enter into this Agreement to set forth the terms of their relationship.

NOW, THEREFORE, in consideration of the mutual promises, covenants and conditions contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Plaza and Broker agree as follows:

### AGREEMENT

1.    Identification and Qualification of Potential Borrowers.

(a)    During the term of this Agreement, Plaza and Broker agree that Broker may identify and qualify potential borrowers for conventional, residential mortgage loans that Plaza may, upon approval by Plaza, underwrite, close and sell into the secondary mortgage market. Broker and Plaza each acknowledge and agree that this Agreement is entered into on a non-exclusive basis and that both Broker and Plaza may enter into similar agreements with other individuals or entities.

(b)    In connection with the foregoing, Broker agrees to obtain information and descriptions about the loan programs offered by Plaza from time to time, and Plaza agrees to make such information and descriptions available to Broker. Such information and descriptions shall not be binding on Plaza. Broker agrees to fully and accurately explain such programs to potential borrowers, to qualify potential borrowers at Plaza's then-current rates, and to prepare a preliminary good faith estimate of settlement charges, including any fees to be paid to Broker.

(c)    Broker specifically acknowledges and agrees that Broker is not an agent of Plaza and has no authority to make any representations on behalf of Plaza or to bind or obligate Plaza in any way. Broker agrees that it may not use Plaza's name in any advertising without the prior written consent of Plaza. Broker agrees that it may only quote such loan rates and terms as have been quoted or provided by Plaza to Broker in writing and that no rate quotations, lock-ins or extensions thereof, commitments or other loan terms will be binding on Plaza unless in writing and signed by an authorized representative of Plaza. Broker agrees that it shall not represent to any party that Plaza has approved or will approve a loan or any terms thereof until Broker is so informed by

**Appx. 10**



Plaza in writing.

2.  Information about Broker.  Upon request by Plaza, Broker agrees to promptly provide Plaza with copies of (i) Broker's most recent financial statements (audited, if available), including a statement of net worth; (ii) if Broker is a partnership or limited liability company, the financial statements of its partners, managers and/or members, as applicable; (iii) all licenses obtained by Broker to conduct its business; (iv) credit reports concerning Broker; and (iv) such other information about Broker and its business as Plaza may reasonably request from time to time.

3.  Submission of Loan Applications.  For each and every loan application submitted or to be submitted by Broker to Plaza for approval, Broker hereby agrees, prior to such submission, to:

    (a)  Verify all information on the loan application and perform such due diligence as is required or advisable in accordance with prudent underwriting standards, including, but not limited to, verifying the identity of the parties to the loan application, their social security numbers, address, employment, assets and income;

    (b)  Obtain all necessary appraisals with respect to the property that is to be the security for the loan from an independent appraiser(s) licensed by applicable state regulatory agencies;

    (c)  Obtain all necessary credit reports with respect to the potential borrowers from reputable independent credit reporting agencies;

    (d)  Verify that the procedures, eligibility requirements, forms and other aspects of the loan application are in accordance with the requirements of the Federal National Mortgage Association and/or Federal Home Loan Mortgage Corporation, and are in compliance with all applicable federal, state and local laws, rules, regulations and ordinances including, without limitation, the Truth-in-Lending Act, Regulation Z, the Real Estate Settlement Procedures Act, Regulation X, the Fair Credit Reporting Act, the Home Mortgage Disclosure Act, the Community Reinvestment Act, the Equal Credit Opportunity Act and regulations there under, the Fair Housing Act, the Federal Housing Administration's (FHA's) Tiered Pricing Rule, and the Consumer Credit Protection Act. Broker agrees to include written evidence of such compliance with each loan application submitted to Plaza by Broker;

    (e)  Make prompt, timely, full, accurate and truthful disclosure to Plaza of all information and documentation that Broker may know, suspect or have notice of, relating to the application, the borrower(s), or the security for the loan, or that could affect or has affected the validity, collectibility, collateral value, security or enforceability of any loan submitted by Broker for funding by Plaza. Such obligation of Broker shall continue after the submission of the loan application to Plaza; and

    (f)  Perform such other acts as would be reasonable or advisable under the circumstances to confirm the accuracy and authenticity of the application and the information provided therein and to ensure the absence of any fraud, misrepresentation, or erroneous statements in connection with such application on the part of the borrower(s) or any third party.

    In addition to the foregoing, Broker agrees to promptly submit to Plaza all information Plaza may request from time to time with respect to an application. The contents of all loan applications and other information submitted to Plaza shall become the property of Plaza upon funding of the loan.

4.  Approval of Loan Application by Plaza.

    (a)  Plaza may, in its sole and absolute discretion, approve or reject any loan application submitted to Plaza by Broker. Broker acknowledges and agrees that Plaza is under no obligation to approve any application submitted to Plaza by Broker. No loan application submitted to Plaza shall be considered approved



by Plaza unless and until Plaza provides written notification of such approval to Broker.

(b)     Plaza may, but is under no obligation to, verify any information with respect to Broker or any loan application submitted to Plaza by Broker, including, without limitation, obtaining credit reports on Broker and the potential borrowers. Plaza's right to indemnification or other rights and remedies set forth herein will not be affected by any verification, investigation, audit or review conducted by Plaza, or any knowledge acquired (or capable of being acquired) at any time, with respect to the accuracy or inaccuracy of, or compliance with, any representation, warranty, covenant or obligation of Broker herein. The waiver of any condition based on the accuracy of any representation or warranty, or on the performance of or compliance with any covenant or obligation, will not affect the right to indemnification or other rights and remedies based on such representations, warranties, covenants and obligations.

5.     Representations and Warranties of Broker.  Broker hereby represents, warrants and covenants to Plaza, as of the time any loan application is submitted to Plaza, and as of the time any such loan is funded and closed through the life of such loan, that:

(a)     Organization and Good Standing.  If a corporation, partnership, limited liability company or other entity, Broker is duly organized, validly existing, and in good standing under the laws of the jurisdiction of its formation, is duly qualified to do business and is in good standing under the laws of each state or other jurisdiction in which the nature of the activities conducted by it requires such qualification, and has the power and authority to enter into this Agreement and to perform its obligations contemplated hereby;

(b)     Enforceability; Authority. This Agreement constitutes the legal, valid, and binding obligation of Broker, enforceable against it in accordance with its terms. The representative(s) of Broker signing this Agreement on behalf of Broker has the right, power and authority to execute and deliver this Agreement;

(c)     Accuracy of Information Provided.  All information provided to Plaza by Broker concerning Broker and its business shall be true and accurate as of the date provided. Broker acknowledges that Plaza is relying on such information as an inducement to enter into this Agreement and to continue the term of this Agreement and will be relying on such information in connection with any loans Plaza may fund that are submitted by Broker. Broker agrees to promptly notify Plaza in the event any information provided by Broker becomes inaccurate or misleading in any material respect;

(d)     Licenses; Compliance with Laws.  Broker possesses all necessary approvals, licenses, permits, and authority to execute and deliver this Agreement and to engage in the activities contemplated by this Agreement, and Broker is in full compliance in all respects, and in good standing, with all regulatory and supervisory agencies having jurisdiction over Broker. All such approvals, licenses, and permits are in full force and effect and shall remain in full force and effect during the term of this Agreement. Broker covenants to notify Plaza immediately upon the suspension, revocation, expiration or other termination of any such approvals, licenses or permits, or of the taking of any action by any such agency against Broker that could adversely affect Broker's approvals, licenses, or permits;

(e)     No Conflict.  The execution of this Agreement by Broker, the compliance by Broker with the terms and conditions herein, and the submission of each loan application hereunder will not violate or conflict with any provisions of Broker's charter documents, any instrument relating to the conduct of its business, or any other agreement, law, rule, regulation, ordinance or order to which Broker may be a party or under which Broker may be governed. Broker has no direct or indirect ownership interest in any property acting as security for any loan submitted to Plaza for funding;

(f)     Submission of Loan Applications.  Upon the submission of a loan application by Broker to Plaza, Broker shall be deemed to represent and warrant to Plaza with respect to such application that (i) Broker

PLAZA HOME MORTGAGE              Page 10



has complied with all of the requirements of this Agreement, including those set forth in Paragraph 3; (ii) none of the statements or information contained in any document submitted with or included as part of the loan application, or in any document reviewed in connection with Plaza's underwriting decision, contains or will contain any misleading, false or erroneous statements, or omit facts necessary to make such statements or information accurate and understandable in every respect, and all documents submitted by Broker to Plaza in connection with the application are genuine; (iii) Broker has the authority to submit such application to Plaza; and (iv) Broker has not made any representations to the potential borrower or others concerning the loan application that are not set forth in such application and that have not been approved in writing by Plaza, including any representations relating to rates, lock-ins or other loan terms;

(g)     Absence of Claims.  There is not pending or threatened any suit, action, arbitration, or legal, administrative, or other proceeding or investigation (including an allegation of fraud by a lender) against Broker or its current or former owners, agents or employees that could have an adverse effect on the Broker's business, assets, financial condition, or reputation, or upon any loan submitted by Broker for funding by Plaza;

(h)     Control of Documents.  No borrower shall have had in its direct or indirect possession or control any credit, income or deposit verification document submitted to Plaza with respect to any loan application; and

(i)     Services to Borrower.  At all times during the term of this Agreement, with respect to each borrower whose application has been submitted by Broker to Plaza, Broker has observed and shall observe and fully discharge the duties owed to its clients under applicable law. All services were performed in accordance with accepted and customary standards in the mortgage lending industry generally, and Broker is not aware of any dispute or claim by any borrower that all such services were not fully and satisfactorily performed. Broker shall maintain regular contact with the borrower and such third parties as may be necessary between application and closing to apprise them of the status of the application, to gather any additional information as needed, and to ensure the timely submission of all materials necessary to meet any deadlines, including any lock-in periods or extensions thereof, applicable to the close and funding of the loan.

6.     Compensation. Broker may receive such fees and compensation from Plaza for its services hereunder as Broker and Plaza may agree in writing from time to time. Broker agrees that it will not share any such fees or compensation with any other party, and the loan proceeds will not be paid (except for payments to a lender to satisfy an existing loan on the subject property) to any party who compensates or is compensated by Broker, is under common ownership or control with Broker, or shares profits or losses with Broker. Broker agrees to fully disclose to each borrower all fees and other compensation payable to Broker in connection with such borrower's loan in accordance with applicable laws, rules, regulations and ordinances and Plaza shall have no obligation to pay any such fees or other compensation to Broker if Broker fails to do so. No fees or other compensation shall be owed to Broker on account of any loan that is not funded and closed, and Plaza shall have no obligation under this Agreement to Broker if a loan fails to fund and close for whatever reason.

7.     Right to Offset. Amount owed by Broker to Plaza under this Agreement may, at Plaza's option and in its sole discretion, be offset by Plaza against any payments then or thereafter owed by Plaza to Broker. Any such offset shall not constitute an accord and satisfaction unless agreed to in writing by the parties. If Broker collects any funds in connection with any loan submitted to Plaza, Broker shall hold such funds in trust for Plaza in a separate account.

8.     Prepayment.  If any loan submitted by Broker to Plaza shall be prepaid in full before the receipt of six (6) scheduled monthly payments as a result of a refinance transaction in which Broker is involved, then Broker shall promptly refund to Plaza, upon demand therefore, the amount of any "service release premium" and/or "yield spread premium fee" (as those terms are defined for federal disclosure purposes) previously paid to Broker by Plaza with respect to such loan. The obligation of Broker set forth in this Paragraph 8 shall apply regardless of whether Plaza is involved in the subsequent refinance transaction.

**Appx. 13**



9.    Mortgage Fraud.  Broker acknowledges that it is Plaza's policy and intent to support the elimination of mortgage loan fraud and misrepresentation within the residential lending industry. Broker is hereby advised that it bears responsibility for all actions performed in the course of its business by its employees and representatives. The submission of a loan application containing false or misrepresented information is a crime. The consequences of mortgage loan fraud and/or misrepresentation are extensive and costly. Broker acknowledges and agrees that Plaza may vigorously pursue any and all remedies available to it in the event of any such fraud or misrepresentation or alleged fraud or misrepresentation including, without limitation, reporting any instances of fraud or misrepresentation or alleged fraud or misrepresentation in connection with a loan submitted by Broker to Plaza for funding to appropriate federal, state and local regulatory authorities or law enforcement agencies, including such authorities or agencies responsible for criminal or civil prosecution and/or revocation of licenses.

10.    Indemnification.

(a)    Broker hereby agrees to hold Plaza harmless and to defend and indemnify Plaza and its past, present and future directors, officers, shareholders, employees, attorneys, agents, representatives, subsidiaries, affiliates, successors and assigns (collectively, the "Indemnified Parties") from and against, and will reimburse the Indemnified Parties with respect to, any losses, liabilities, damages, demands, claims, costs and expenses, including, without limitation, reasonable attorneys' fees and cost of investigation (collectively, "Losses"), from any cause whatsoever, that are directly or indirectly suffered or incurred at any time by any of the Indemnified Parties and that arise directly or indirectly out of or by virtue of, or are directly or indirectly connected with, (i) this Agreement; (ii) any breach by Broker of this Agreement or any provision hereof or Broker's failure to perform any obligation herein; (iii) the inaccuracy or breach of any representation, warranty or covenant made by Broker herein; (iv) any acts or omissions of, or services provided by, Broker, its agents, employees, representatives, officers, directors, shareholders, managers, members, or partners, as applicable, in connection with this Agreement; (v) any claim by a Borrower resulting from Plaza's failure or refusal to fund a loan; or (vi) any claim by any third party that Broker is a joint venturer, partner, representative, employee or agent of, or otherwise associated or affiliated with, Plaza.

(b)    Broker agrees that Losses payable by Broker to Plaza hereunder shall include, without limitation, Losses resulting from: (i) the liquidation of any loan or the security for any loan the application of which was submitted to Plaza by Broker; and/or (ii) amounts owed by Plaza to a third party, including a party to whom the loan was sold in the secondary mortgage market, resulting from any repurchase, indemnity or other obligations of Plaza to such party, including any damages or losses of such third party, refunds, or administrative or legal fees owed such party by Plaza under the terms of the applicable loan purchase agreement or otherwise.

(c)    Broker's obligations to fully indemnify Plaza under this Agreement shall not be affected by Plaza or any third party taking or failing to take any of the following actions, with or without notice to Broker: (i) liquidation, repayment, retirement, or sale or resale of any loan; (ii) foreclosure of any loan; or (iii) sale or resale of the property securing a loan.

(d)    In addition to Broker's obligations to fully indemnify Plaza under this Agreement, Broker shall refund to Plaza any fees or compensation paid by Plaza to Broker in connection with a loan in the event such loan becomes the subject of an indemnity claim by Plaza.

11.    Nondisclosure of Confidential Information.  Each party recognizes that due to the nature of this Agreement, it may have access to the confidential or proprietary information of the other party. Each party agrees to hold the other party's confidential and proprietary information in strictest confidence and not to disclose it or allow it to be disclosed, directly or indirectly, to any person or entity, except as otherwise may be required by law or upon the prior written consent of such other party. Each party further agrees to return any

**Appx. 14**

confidential or proprietary information or other materials of the other party provided to it, together with any copies thereof, promptly upon the request of such other party or the termination of this Agreement. This paragraph shall survive the termination of this Agreement. Notwithstanding the foregoing, nothing herein shall be deemed to prohibit Plaza from disclosing information about Broker to appropriate federal, state or local authorities or agencies in the event of actual or suspected mortgage loan fraud or misrepresentation.

12.    Term and Termination.    This Agreement will commence on the effective date set forth on the signature page hereto and shall continue until terminated. Either party may terminate this Agreement at any time with or without cause upon written notice to the other party hereto. Such termination shall be effective immediately upon receipt of such notice by the other party, unless a later date is specified in such notice. All representations, warranties, covenants, and obligations contained in or relating to this Agreement shall survive the termination of this Agreement, with the exception of those obligations set forth in Paragraph 1(a). The termination of this Agreement shall not affect any commitment made in writing by Plaza before such termination with respect to a loan application.

13.    Election of Remedies.    Plaza may pursue any and all remedies available to it in the event of a breach of this Agreement by Broker or fraud or misrepresentation in connection with a loan application. Plaza shall not be obligated to pursue any suit or claim against any third party or entity concerning any loan application, potential borrower, property, Broker or any other matter relating to this Agreement, including, without limitation, any title insurance carrier, mortgage insurance carrier, pool insurer, investor or borrower. Broker shall have full responsibility to pursue any such claim, if applicable. Any termination of this Agreement shall not constitute a waiver of Plaza's rights under this Paragraph 13.

14.    Attorneys' Fees.    If either party brings a suit or other proceeding against the other as a result of any alleged breach or failure by the other party to fulfill or perform any covenants or obligations under this Agreement, then the prevailing party obtaining final judgment in such action or proceeding shall be entitled to receive from the non-prevailing party the prevailing party's reasonable attorneys' fees incurred by reason of such action or proceeding and all costs associated with such action or proceeding incurred by the prevailing party, including the costs of preparation and investigation.

15.    Arbitration.    All claims, disputes and other matters as to which the parties disagree arising out of this Agreement or the interpretation or breach or alleged breach thereof shall be decided by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association in an arbitration proceeding held in San Diego, California. The award rendered by the arbitrator shall be final and judgment may be entered in accordance with applicable law and at any court having jurisdiction thereof. The arbitrator shall award the prevailing party that party's reasonable attorneys' fees and other expenses in accordance with Paragraph 14.

16.    Entire Agreement; Amendment.    This Agreement constitutes the entire agreement between the parties hereto with respect to its subject matter and there are no representations, warranties or agreements between the parties that are not expressed herein. This Agreement supercedes and replaces all prior understandings, negotiations, commitments, writings and agreements between the parties hereto, whether written or oral, express or implied, with respect to its subject matter. This Agreement may not be modified or amended except by a writing duly signed by the authorized representatives of each of the parties hereto.

17.    Waiver.    The rights and remedies of the parties to this Agreement are cumulative and not alternative. No party shall be deemed to have waived the exercise of any right that it holds hereunder unless such waiver is made expressly and in writing (and no delay or omission by any party hereto in exercising any such right shall be deemed a waiver of its future exercise). No such waiver by any party at any time shall be deemed a waiver of any other right hereunder. If any action by a party shall require the consent or approval of the other party, such consent or approval of such action on any one occasion shall not be deemed a consent to or approval of such action on any subsequent occasion or a consent to or approval of any other action.

PLAZA HOME MORTGAGE                    Page 13



18.    Severability.  If any provision of this Agreement is held invalid or unenforceable by any court of competent jurisdiction (or, if applicable, an arbitrator), the other provisions of this Agreement will remain in full force and effect. Any provision of this Agreement held invalid or unenforceable only in part or degree will remain in full force and effect to the extent not held invalid or unenforceable.

19.    Assignment; Binding Effect.  This Agreement, and any amendment hereto, shall be binding upon and inure to the benefit of the parties hereto, and their respective heirs, executors, administrators, successors and permitted assigns. Notwithstanding the foregoing, this Agreement may not be assigned by either party without the prior written consent of the other party hereto.

20.    Expenses.  Each party shall bear its own expenses in connection with any services provided hereunder, unless otherwise agreed in writing.

21.    Governing Law.  This Agreement shall be construed and enforced in accordance with and governed by the laws of the State of California, without regard to its conflicts of laws principles.

22.    Legal Representation.  Plaza and Broker acknowledge that this Agreement has been negotiated at arm's length and that each party has had the opportunity to obtain and consult with independent legal counsel with respect to the preparation, review and execution of this Agreement and each party has done so to the extent desired. Any rule of construction or interpretation otherwise requiring this Agreement to be construed or interpreted against any party shall not apply to any construction or interpretation hereof.

23.    Relationship of Parties.  Nothing contained in this Agreement shall be construed to: (i) grant to Broker the power or authority to bind Plaza to any contract or obligation; (ii) empower Broker to act in the capacity of an officer, director, employee or agent of Plaza; (iii) constitute the parties as employees of, or partners or joint venturers with, each other; or (iv) grant any exclusive rights to Broker. Broker shall be solely responsible for the payment of all state and federal income taxes and other charges and assessments applicable to any consideration or other amounts payable to Broker by Plaza under the terms of this Agreement. Neither Plaza nor Broker shall be responsible for the other's compliance or failure to comply with any applicable laws, rules, regulations or ordinances.

24.    Notices.  All notices, consents, waivers, demands and other communications required or permitted by this Agreement shall be in writing and shall be deemed to have been duly given to a party upon personal delivery to the party to be notified or, seventy-two (72) hours after deposit with the United States Post Office and sent by registered or certified mail, or twenty-four hours after deposit with a nationally recognized overnight courier service, or upon transmission by facsimile with confirmation of transmission by the transmitting equipment (a confirming copy of the notice shall also be delivered by one of the other methods specified in this paragraph), in each case postage prepaid and addressed to the party to be notified at the address or facsimile number indicated for such party on the signature page hereto, or at such other address or facsimile number as such party may designate by ten days advance written notice to the other party.

25.    Parties in Interest.  Nothing in this Agreement, whether express or implied, is intended to confer any rights or remedies under or arising by reason of this Agreement on any persons other than the parties hereto and their respective successors and permitted assigns. Nothing in this Agreement is intended to relieve or discharge the obligation or liability of any third person to any party to this Agreement, nor shall any provision give any third person any right of subrogation or action over or against any party to this Agreement.

26.    Construction.  The captions and headings contained in this Agreement are for convenience of reference only and are not to be considered in construing this Agreement.

27.    Counterparts.  This Agreement may be executed in counterparts, each of which will be deemed an

original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement. The exchange of copies of this Agreement and of signature pages by facsimile transmission shall constitute effective execution and delivery of this Agreement as to the parties and may be used in lieu of the original Agreement for all purposes. Signatures of the parties transmitted by facsimile shall be deemed to be their original signatures for all purposes.

28.    Further Assurances.    Each party shall perform any further acts and execute and deliver any documents that may be reasonably necessary to carry out the provisions of this Agreement.

*[Signatures on following page.]*

PLAZA HOME MORTGAGE                Page 15

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by their respective duly authorized representatives effective as of the date first written below.

Effective as of: _____*April 7*_____, 20_*05*_

### PLAZA

*Plaza Home Mortgage, Inc.,*
*a California corporation*

By: _____

(Signature of Authorized Officer of Plaza Home Mortgage, Inc.)

Printed Name: ___*Don Yount*_____  *James Cwik*___

Title: ___*President*_____  *Vice President*___

Address:     5090 Shoreham Place, Suite 109
             San Diego, California 92122

Telephone:   (858) 346-1200
Facsimile:   (858) 346-1201

### BROKER

___*Southwest Funding, LP*_____
           (Company Name, if applicable)

State of Formation (if applicable): ___*Texas*_____

By: _____
       (Authorized Signature)

Printed Name: ___*Don Yount*_____

Title: ___*President*___

Address:     *8848 Greenville Ave*
             *Dallas  TX  75243*

Telephone:   *(214) 221-5215*

Facsimile:   *(469) 916-2360*

PLAZA HOME MORTGAGE              Page 16



**PLAZA HOME MORTGAGE, INC.**

October 10, 2007

Southwest Funding, LP
ATTN: Don Yount/Jimmy Tinsley
1320 Village Creek Dr., Ste. 200
Plano, TX 75093

**Sent Via Facsimile to 972-407-1817 and Via DHL Waybill No. 74183528145**

RE: James, Phil (Loan No. 19703566)

Mr. Yount and Mr. Tinsley:

I am General Counsel for Plaza Home Mortgage, Inc. ("Plaza"). As I am sure that you know, prior to becoming approved with Plaza, Southwest Funding ("Broker") agreed to abide the terms contained in Plaza's Broker Agreement (the "Agreement"). In short, the Agreement states that Broker will indemnify Plaza for all losses sustained as a result of misrepresentation contained in any loan application submitted by Broker to Plaza.

On March 27, 2007, Broker submitted a loan application to Plaza for Broker's client, Phil James (the "Borrower") for the property located on Kingswood Lane in Colleyville, Texas. The loan was given the loan number 19703566 (the "Loan") and was funded on April 24, 2007. To date, Plaza has been unable to sell the Loan because of multiple instances of misrepresentation contained in the loan application.

After initial review, Plaza discovered that the relationship between Melissa James, an employee of Broker, and our borrower was not sufficiently disclosed during the underwriting process. Specifically, after a post-funding investigation was completed, Plaza has discovered that Melissa James and our borrower are married and have been married prior to the submission of the loan application.

Additionally, Plaza has discovered some previously undisclosed information concerning the borrower's profession as a real estate agent. This information was not disclosed in the loan application submitted by broker to Plaza. Not only would disclosure of that information most definitely have affected Plaza's underwriting decision, but per my understanding of Texas law, it is illegal for a real estate agent to purchase a home without disclosing their involvement in the real estate industry.

Being a mortgage professional, I am sure that you can understand that disclosure of said information would have added an extra layer of risk to these types of loans and would have drastically affected Plaza's underwriting decision. Additionally, the Loan was underwritten based on the assumption that Broker had complied with the terms of the Agreement and had disclosed all pertinent information to Plaza in the loan application.

At this point, as a result of this failure to disclose, Plaza is requiring that Broker cure the Loans immediately by either repurchasing the Loan from Plaza in the amount of $495,000, by arranging that the Loan is paid off by either selling the home on the open market or by refinancing the Loan through another lender.

As you will notice after reading the Agreement, Section 15 states that disputes arising under the Agreement will be settled by binding arbitration in San Diego, California utilizing a single arbitrator. Accordingly, Plaza demands the following dispute be submitted to binding arbitration by **October 19, 2007:** Plaza's right to receive

5090 Shoreham Place, Ste #206 * San Diego, CA 92122 * Office: 858.346.1208 * Fax: 858.677.6741



PLAZA HOME MORTGAGE, INC.

damages resulting from the failure of Broker to indemnify Plaza for the losses incurred
by Plaza as a result of the misrepresentation associated with the Loans, plus interest,
attorney's fees and all costs.

Plaza intends to exercise its right to petition the court for appointment of a neutral
arbitrator under Code of Civil Procedure Section 1281.6 if the parties have not otherwise
agreed to a neutral arbitrator no later than **October 19, 2007**. We suggest utilizing retired
judges providing arbitration services through Judicial Arbitration and Mediation Services
(JAMS) in San Diego.

Plaza proposes any of the following three retired judges as the neutral arbitrator.
Each is qualified to hear this dispute.

- **Hon. Robert E. May (Ret.)**
- **Hon. Richard J. Haden (Ret.)**
- **Hon. William C. Pate (Ret.)**

Take notice Broker has until **October 19, 2007** to agree to one of the judges as
neutral arbitrator. In the event Broker chooses to propose a counter list, please indicate
Broker's first, second and third choices. Plaza retains the right to agree to one of the
names on the counter list. In the event Plaza does not agree to one of the names on a
counter list, then Plaza shall choose and appoint a member from JAMS to cooperate with
Broker's first choice to select a neutral arbitrator from the names remaining on Plaza's list
and Broker's list. The neutral arbitrator so chosen shall act to settle all claims,
controversies and disputes existing between Plaza and Broker.

Take further notice should Broker refuse to arbitrate the disputes mentioned
above or refuse to select an arbitrator or provide a counter list and agree to the procedure
suggested above to appoint a neutral, Plaza will file the attached Petition to Compel
Arbitration to ensure its right to arbitration.

Please be advised that payment of the amount demanded shall not relieve Broker
of any other liability in connection with the Loan or any other amounts that are or may
become due pursuant to the Agreement. Though I am not in a position to provide legal
advice to you, if you have any questions about the content of this demand, please feel
welcome to call me at 858-346-1208 X134. If you have legal counsel, please forward
this letter to them immediately.

Sincerely,

Scott DeNike, Esq.
General Counsel
Plaza Home Mortgage, Inc.

Cc; Linda Clancy
Melissa James
Terry Green

5090 Shoreham Place, Ste #206 * San Diego, CA 92122 * Office: 858.346.1208 * Fax: 858.677.6741

1  **HOLLINS · SCHECHTER**
   RUDY GABA, JR., #230475
2  1851 E. First Street, 6th Floor
   Santa Ana, California 92705-4017
3  Telephone: 714.558.9119
   Facsimile: 714.558.9091
4
5  Attorneys for Plaintiff,
   CAPITAL ONE BANK
6
7
8                    **SUPERIOR COURT OF CALIFORNIA**
                        **COUNTY OF SAN DIEGO**
9
10
11 CAPITAL ONE BANK                 )  CASE NO:  37-2007-00078484-CL-CL-CTL
                                    )
12      Plaintiff,                  )  DEMAND = $949.20
                                    )
13      v.                          )  **COMPLAINT FOR:**
                                    )
14 CURTIS D BAKER, AN INDIVIDUAL;   )  **1. BREACH OF CONTRACT;**
   AND DOES 1 TO 10, INCLUSIVE,     )  **2. MONEY HAD AND RECEIVED;**
15                                  )  **3. ACCOUNT STATED**
        Defendants.                 )
16                                  )
                                    )  LIMITED CIVIL CASE
17  _____)
18 **TO THE HONORABLE JUDGE OF SAID COURT:**
19
20      Plaintiff CAPITAL ONE BANK complains of Defendant CURTIS D BAKER, AN
21 INDIVIDUAL; AND DOES 1 TO 10, INCLUSIVE (collectively "DEFENDANT") and
22 would respectfully show the following:
23                              **SERVICE**
24      1.    Plaintiff may be contacted through its undersigned attorney of record.
25      2.    Defendant may be served at 4109 54Th Pl, San Diego CA 92105-2347.
26 //
27 //
28

1
COMPLAINT

3.     Plaintiff is unaware of the true names or capacities, whether individual, corporate, associate or otherwise of the defendants sued herein as DOES 1 to 10, inclusive, and therefore sues there defendants by such fictitious names. Plaintiff will amend this complaint to show the true name and capacities of the fictitiously named Doe defendants when Plaintiff ascertains same.

**VENUE**

4.     Venue of this action is proper in the county named above because CURTIS D BAKER   , is an individual believed to be residing in said county at the time of commencement of suit.

5.     Plaintiff is, and at all times herein mentioned was, a foreign corporation engaged in interstate commerce.

**FACTS**

6.     CAPITAL ONE BANK ("PLAINTIFF") issued a credit card in Defendant's name under its account number 5570092097665042.  Defendant received and used (or authorized the use of) the card and thereby became obligated to pay for the charges incurred with the card.

7.     Defendant defaulted by failing to make scheduled payments on the Account, as required by the terms and conditions of the Agreement.  The default date, as confirmed by the written periodic statements for the Account, was on or about 09/14/2007.

8.     Plaintiff has advised Defendant of this default, which permitted Plaintiff under the terms and conditions of the Agreement to accelerate the full outstanding balance due.  This balance remains past due, owing in full, and unpaid. Due to its extended delinquency, the Account has gone into collections.

//

//

//

//

//

**FIRST CAUSE OF ACTION – BREACH OF CONTRACT**

9.     Plaintiff incorporates by reference paragraphs 1 through 8, inclusive, of this Complaint as though wholly set forth herein.

10.     When the bank issues a credit card, it enters into a contract with the cardholder to extend credit in exchange for the cardholder's promise to pay any debt incurred. *Martin v. Wells Fargo Bank,* 91 Cal. App. 4th 489, 2001 Cal. App. LEXIS 630 (Cal. Ct. App., August 9, 2001), *citing Hitz v. First Interstate Bank,* 38 Cal. App. 4th 274, 286, 44 Cal. Rptr. 2d 890 (1995). Use of a credit card constitutes acceptance of the terms of the cardmember agreement. *See, e.g., Grasso v. First USA Bank*, 713 A.2d 304 (Del. 1998); *Read v. Gulf Oil Corporation*, 114 Ga. App. 21, 150 S.E.2d 319, 320 (1966); *Petroleum Co. v. McMillan*, 168 S.W. 2d 881 (Tex. Civ. App. 1943). Even in the absence of such an agreement the issuance of the credit card constitutes an offer of credit, and the use of the credit card constitutes the acceptance of the offer of credit. *Feder v. Fortunoff,* 474 N.Y.S. 2d 937 (N.Y. 1984), *citing Empire Nat'l Bank v. Monahan,* 82 Misc. 2d 808, 370 N.Y.S.2d 840 (N.Y. County Ct. 1975).

11.     By using and/or authorizing the use of the credit card Defendant, accepted the contract with PLAINTIFF and became bound to pay for all charges incurred with the credit card. Defendant also became subject to all of the terms and conditions of cardholder agreement.

12.     PLAINTIFF sent to Defendant monthly bills reflecting, *inter alia,* all of the transactions made using the Account during the previous billing cycle including various fees, charges, and interest applied to those transactions, as permitted by the terms and conditions of the Agreement

13.     Defendant defaulted in the payment obligation on the credit card. Such breach of contract proximately caused PLAINTIFF damages in the amount of the balance due on the credit card account. That obligation has been assigned to Plaintiff, who is the party entitled to enforce the contract and receive payment of the credit card balance.

//

HOLLINS � SCHECHTER
ATTORNEYS AT LAW

14.     At this time, Defendant owes Plaintiff the following amounts after accounting for all applicable payments, credits, and setoffs:  The principal balance of $949.20, which reflects the amount owing at the time of the commencement of this lawsuit; interest on the principal balance in the amount of $14.55, at an annual rate of 18.0500% accrued from the date of the commencement of this lawsuit. [which interest will continue to accrue until the judgment is obtained, **or** until payment in full is received]; pre-judgment interest at an annual rate of 18.0500%,: reasonable attorneys' fees [in an amount to be determined]; and post-judgment interest at an annual rate of 10% from the date of judgment.  This is the amount of damages that Plaintiff seeks in this matter.  No payments have been made and no credit has accrued since the commencement of this lawsuit that reduces the amount for which judgment is sought.

15.     Plaintiff is entitled to attorneys fees pursuant to the terms of the cardholder agreement, and/or a statute according to proof.

### SECOND CAUSE OF ACTION – MONEY HAD AND RECEIVED

16.     Plaintiff incorporates by reference paragraphs 1 through 15, inclusive, of this Complaint as though fully set forth herein.

17.     In the alternative, and without waiving the foregoing, Defendant received and used (or authorized the use of) the credit card knowing that PLAINTIFF expected to be repaid for all charges incurred with the card, together with interest thereon.  With each use of the credit card PLAINTIFF paid money on Defendant's behalf to the merchant with whom the credit card was used.  Defendant is liable for repayment of such sums under the doctrine of money had and received.

18.     Plaintiff is entitled to attorney fees pursuant to California Civil Code Section 17175.5, and/or the cardholder agreement in a sum according to proof.

### THIRD CAUSE OF ACTION – ACCOUNT STATED

19.     Plaintiff incorporates by reference paragraphs 1 through 18, inclusive, of this Complaint as though fully set forth herein.

//

4
COMPLAINT

1       20.   In the alternative, and without waiving the foregoing, Plaintiff asserts that

2   Defendant's use of the credit card to purchase goods and services represented a periodic

3   account, for which PLAINTIFF generated regular monthly statements. Defendant is liable

4   to Plaintiff, the assignee of the account, for the account balance, together with interest

5   thereon at the rate allowed by law.

6   **CONDITIONS PRECEDENT**

7       21.   Through its undersigned attorney Plaintiff has demanded payment from

8   Defendant, but Defendant has not satisfied such demand. Plaintiff has performed all

9   conditions precedent to the filing of this action, or all such conditions precedent have

10   occurred.

11   **ATTORNEY'S FEES**

12       22.   Pursuant to California Civil Code Section 1717.5 and/or the terms of the

13   terms and conditions of the Agreement provide that if the Account is referred to a non-

14   salaried attorney for collections, Defendant will be liable for Plaintiff's reasonable

15   attorneys' fees and costs incurred in any collection effort. Such amount is subject to

16   determination by the Court, and Plaintiff requests that the Court award attorney's fees in

17   the amount that it determines to be reasonable in this action, together with all taxable costs.

18       WHEREFORE, premises considered, Plaintiff prays that Defendant be summoned

19   to appear and answer, and that upon final hearing, Plaintiff have judgment against

20   Defendant for:

21   **ON ALL CAUSES OF ACTION**

22       A.   $949.20, which is the balance due on the credit card as of the date of

23   Plaintiff's purchase of the account;

24       B.   Contractual interest from that date through date of judgment;

25       C.   Post-judgment interest at the maximum rate allowed by law;

26       D.   For reasonable attorneys fees pursuant to California Civil Code Section

27   1717.5 and/or the terms of the cardholder agreement, in a sum according to proof;

28       E.   All costs of Court; and

HOLLINS SCHECHTER
ATTORNEYS AT LAW

1    F.    All such other and further relief to which Plaintiff may be justly entitled.

2    G.    PLAINTIFF REMITS ALL DAMAGES IN EXCESS OF THE

3    JURISDICTIONAL AMOUNT OF THIS COURT.

4    Dated: October 15, 2007                **HOLLINS · SCHECHTER**

5
6    By: _____

7    RUDY GABA, JR.
     Attorney for Plaintiff,
8    CAPITAL ONE BANK

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# SUMMONS
## (CITACIÓN JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

CURTIS D BAKER, AN INDIVIDUAL; AND DOES 1 TO 10, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

CAPITAL ONE BANK

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>HALL OF JUSTICE<br>330 WEST BROADWAY<br><br>SAN DIEGO CA 92101 | **CASE NUMBER:** 37-2007-00078484-CL-CL-CTL<br>*(Número del Caso)* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RUDY GABA, JR. ESQ. (#230475)                    (714) 558-9119
HOLLINS SCHECHTER
1851 EAST FIRST STREET, 6TH FLOOR
SANTA ANA, CA 92705

DATE: 10/29/07                    Clerk, by *Kathy Bailey*, Deputy
*(Fecha)*                         *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br><br>American LegalNet, Inc.<br>www.USCourtForms.com |

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| RUDY GABA, JR. ESQ.   (#230475)<br>HOLLINS SCHECHTER<br>1851 EAST FIRST ST., 6TH FLOOR<br>SANTA ANA, CA 92705<br>TELEPHONE NO.: 714-558-9119     FAX NO.: 714-558-9091<br>ATTORNEY FOR *(Name)*: CAPITAL ONE BANK | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 WEST BROADWAY
MAILING ADDRESS:
CITY AND ZIP CODE: SAN DIEGO CA 92101
BRANCH NAME:

CASE NAME: CAPITAL ONE BANK v. CURTIS D BAKER, AN INDIVIDUAL

| CIVIL CASE COVER SHEET<br>☐ Unlimited  ☒ Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | Complex Case Designation<br>☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>37-2007-00078484-CL-CL-CTL<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☒ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence       f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: THREE
5. This case ☐ is   ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 15, 2007

RUDY GABA, JR. ESQ.
_____          ►  _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition



| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>**RUDY GABA JR. 230475**<br>**Hollins*Schechter, A Professional Corp.**<br>**1851 E. First St. 1st Floor**<br>**Santa Ana, CA 92705**<br><br>TELEPHONE NO.:          FAX NO. *(Optional):*<br>EMAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*   **CACH, LLC** | FOR COURT USE ONLY<br>CIVIL BUSINESS OFFICE 10<br>CENTRAL DIVISION<br><br>2007 NOV -8 P 12: 58<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS:  **330 W. Broadway**<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:  **San Diego 92101**<br>BRANCH NAME:  **Central District Hall of Justice** |

| | |
|---|---|
| PLAINTIFF/PETITIONER:  **CACH, LLC** | CASE NUMBER:<br>**37200700078484CLCLCTL** |
| DEFENDANT/RESPONDENT:  **BAKER** | |
| **DECLARATION OF NON SERVICE** | Ref. No. or File No.:<br>**CURTIS BAKER** |

I declare that I am and was on the dates herein mentioned, a citizen of the United States, over the age of 18 years, not a party to nor interested in the above entitled action, and competent to be a witness therein.

I received the following documents for service:

    **Summons; Complaint; Civil Case Cover Sheet; Notice of Case Assignment**

I attempted to serve    **CURTIS D BAKER, AN INDIVIDUAL**
at the address of    **4109 54TH PL , SAN DIEGO, San Diego County, CA 92105**

and was unable to effect service for the following reasons:

    **11/1/2007 7:18:00 AM: No Answer**
    **11/2/2007 6:00:00 PM: No Answer**
    **11/3/2007 3:14:00 PM: Per current tenant Alex German, subject is unknown**

Fee for service: $ 65.00

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:  **11/7/2007**

| | |
|---|---|
| **Derrick Bonner** | *(signature)* |
| (PRINTED NAME OF DECLARANT) | (SIGNATURE OF DECLARANT) |

**DECLARATION OF NON SERVICE**

Order No. 4885783 ORC

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |

STREET ADDRESS:    220 West Broadway
MAILING ADDRESS:    220 West Broadway
CITY AND ZIP CODE:    San Diego, CA 92101
BRANCH NAME:    Central
TELEPHONE NUMBER:    (619) 531-3002

PLAINTIFF(S):    Capital One Bank

DEFENDANT(S):    Curtis D. Baker

CAPITAL ONE BANK VS. BAKER

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: <br> 37-2007-00078484-CL-CL-CTL |
|---|---|

Judge:                                          Department: C-05

**COMPLAINT FILED:**   10/29/2007

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).  ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:**  The following timeframes apply to limited civil collections cases and must be adhered to unless you have requested and been granted an extension of time.

<u>COLLECTION CASES FILED UNDER CRC 3.740:</u>

**SERVICE OF COMPLAINT:**  These cases are exempt from the 60-day time for service requirements and case management rules which apply to all general civil cases, unless a defendant files a responsive pleading. If a CERTIFICATE OF SERVICE (SDSC CIV-345 which is a mandatory form that may not be substituted by the filing of any other document) is not filed or plaintiff has not obtained an order for publication of the summons within 180 days after the filing of the complaint, the Court may issue an Order to Show Cause why reasonable monetary sanctions should not be imposed.  If CERTIFICATE OF SERVICE is filed or an order for publication of the summons is filed at least 10 court days before the Order to Show Cause hearing, the Court  will continue the hearing to 360 days after the filing of the Complaint.

**DEFENDANT'S APPEARANCE:**  Defendant must generally appear within 30 days of service of the complaint.

**CASE MANAGEMENT CONFERENCE:**  A Case Management Conference will be set within 150 days of the complaint if an answer has been filed.

**DEFAULT JUDGMENT:**  If proofs of service of the complaint are filed or service by publication is made and defendants do not file responsive pleadings, the plaintiff must obtain a default judgment within 360 days after the filing of the complaint.  If the plaintiff has not obtained a default judgment by that time, the Court will issue an Order to Show Cause why reasonable monetary sanctions should not be imposed.  The Order to Show Cause will be vacated if the plaintiff obtains a Default Judgment at least 10 court days before the Order to Show Cause hearing.

**NOTICE OF SETTLEMENT:**  If a plaintiff in a collections case files a notice of settlement, all hearing dates will be vacated.

<u>OTHER COLLECTION CASES NOT APPLICABLE UNDER CRC 3.740:</u>

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV- 345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTIILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION.  MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS.  SEE ADR INFORMATION PACKET AND STIPULATION.

---

SDSC CIV (Rev. 07-07)                              **NOTICE OF CASE ASSIGNMENT**                              Page: 1

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 145003    — BH**

**December 03. 2007
12:40:00**

**Civ Fil Non-Pris**
USAO #.: 07CV2268 CIVIL FILING
Judge..: JANIS L. SANMARTINO
Amount.:                    $350.00 CK
Check#.: BC#S 1714, 9414

**Total—>    $350.00**

FROM: PLAZA HOME MORTGAGE V.
      SOUTHWEST FUNDING
      CIVIL FILING

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

**"VIA FAX"**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS
Plaza Home Mortgage

**07 CV 2268 JLS (POR)**

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

**FILED**
07 DEC -3 PM 3:38
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
Southwest Fin

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

BY: _____ DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 365 Personal Injury - Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 640 R.R. & Truck | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 650 Airline Regs | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 660 Occupational Safety/Health | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 690 Other | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 441 Voting | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 443 Housing/ Accommodations | **PRISONER PETITIONS** ☐ 510 Motions to Vacate Sentence | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 444 Welfare | **Habeas Corpus:** | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | | |
| | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. § 1446(a)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE 12/3/07

SIGNATURE OF ATTORNEY OF RECORD X _Janet R. Randle_

**FOR OFFICE USE ONLY**

RECEIPT # 145003 AMOUNT $350 12/3/07 APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

